Progressive Clay Company, Appellant, v. Globe Indemnity Company, Respondent.

Judgment in favor of defendant, after trial at Trial Term, a jury having been waived, and order granting to defendant leave to serve and file a supplemental answer, affirmed, with costs. No opinion.

Present — Martin, P. J., McAvoy, Glennon, Untermyer and Dore, JJ.; McAvoy and Untermyer, JJ., dissent.

Untermyer, J. (dissenting). I dissent upon the ground that the transactions between the contractor and its creditors did not constitute any modification of the contract between the village of Freeport and the contractor, performance of which was covered by the defendant's bond, and upon the further ground that future modifications of the contract were expressly consented to by the defendant in its bond.

The transactions between the contractor and the creditors did not alter in the least the terms of the contract with the village of Freeport nor the party responsible for performance but constituted only an arrangement under which the creditors' committee completed the work under the contract on behalf and for the account of the contractor. It was precisely as if the contractor had appointed an agent, or made a subcontract, to complete the work, in which event the surety would not have been discharged (*Illinois Surety Co.* v. *Davis Co.*, 244 U. S. 376) no matter how inefficient or dishonest the agent or the subcontractor might have been. Under its contract the contractor had the right to do all that was done without the consent of the village of Freeport and, therefore, without the defendant's consent.

Moreover, the bond contains the express provision that the surety " stipulates and agrees that no modifications, omissions or additions in or to the terms of the

said contract or in or to the plans or specifications therefor shall in anywise affect the obligation of said surety on its bond."

The judgment should be reversed and judgment directed for the plaintiff for the sum of $8,004.16, with interest and costs.

McAvoy, J., concurs.